**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JORDAN L. PRINCE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. 4:21-CV-01016-NCC** |
| | ) |
| **CHRIS BREWER,** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  Respondent has filed a response (Doc. 9), and Petitioner has filed a traverse (Doc. 16).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 12).  After reviewing the case, the Court has determined that Petitioner is not entitled to relief.  As a result, the Court will **DENY** the Petition and **DISMISS** the case.

**I.  PROCEDURAL HISTORY**

On March 26, 2015, Petitioner was found guilty by a jury in the Circuit Court of St. Charles County, Missouri of murder in the first degree (Count I), felony abuse of a child (Count II), and forcible sodomy (Count III) (Doc. 9-6 at 404-05; Doc. 9-1 at 1).  The Circuit Court sentenced Petitioner to life without the possibility of parole on Count I, and to consecutive sentences of life imprisonment on Counts II and III, in the Missouri Department of Corrections (Doc. 9-1 at 1).  Petitioner appealed the judgment, raising four claims:

(1) The trial court clearly erred in overruling Mr. Prince's objections and allowing the state to introduce evidence of Mr. Prince's 2004 Idaho juvenile adjudication for lewd & lascivious conduct with a minor, because this propensity evidence was not "relevant evidence of prior criminal acts," and thus violated his rights to due

process, a fair trial, and to be tried for the offense with which he was charged, as guaranteed by the 14th Amend. to the U.S. Const., and Art. I, §§10, 17, 18(a), and 18(c) of the Mo. Const., in that propensity evidence is inadmissible under Missouri case law and Art. I, §§17 and 18(a) of the Mo. Const. unless it falls within the exception provided in Art. I, §18(c), but this juvenile adjudication did not qualify under that section because: (a) it was not logically relevant -- it did not have a legitimate tendency to establish directly his guilt of the charged offenses since the prior adjudication had occurred almost nine years before the charged offenses when he was a juvenile, it involved a dissimilar act under dissimilar circumstances (manual/genital contact to his cousin) than the charged crimes of first-degree murder, abuse of a child, and forcible sodomy; and, (b) it was not a "criminal act"-- it was a delinquent act committed by a juvenile and adjudicated in juvenile court.

(2) The trial court abused its discretion in allowing the State to introduce evidence of Mr. Prince's 2004 Idaho juvenile adjudication for lewd & lascivious conduct with a minor, over his objections, because this propensity evidence was not legally relevant, violating his rights to due process, a fair trial, and to be tried for the offense with which he was charged, as guaranteed by the 14th Amend. to the U.S. Const., and Art. I, §§10, 17, 18(a), and 18(c) of the Mo. Const., in that propensity evidence is inadmissible unless it falls within the exception provided in Art. I, §18(c), and the evidence should have been excluded by the court under that section because its probative value was substantially outweighed by the danger of unfair prejudice since it occurred about nine years before the charged offenses, and it involved dissimilar circumstances (manual/genital contact to his six-year-old cousin when Mr. Prince was a juvenile) than the charged crimes (four-month old victim was strangled to death after she suffered multiple tears and lacerations to the anus and rectum as a result forcible compulsion, resulting in serious physical injury when Mr. Prince was an adult).

(3) The trial court clearly erred in allowing the state to introduce evidence of Mr. Prince's Idaho juvenile adjudication for lewd & lascivious conduct with a minor, over his objections, because applying Art. I, §18(c) of the Mo. Const. retroactively to this case violated the *ex post facto* clauses of Art. I, §10 of the U.S. Const., and Art. I, §13 of the Mo. Const., in that the offenses occurred in December 2012, and Art. I, §18(c) of the Mo. Const. was not enacted until November 2014; since a contrary intent was not spelled out in clear, explicit, and unequivocal detail beyond a reasonable question, the constitutional amendment should only be given prospective application, and since the alleged conduct predated Art. I §18(c), and nothing indicates that it was intended to be applied retroactively, the evidence should not have been admitted under that amendment; and, substantive rights are presumed to operate prospectively, and Art. I, §18(c) is a substantive amendment rather than a procedural amendment because it impaired Mr. Prince's right to be tried only for the crime with which he is charged.

(4) The trial court abused its discretion in admitting evidence, through State's Exhibits and testimony, concerning the viewing of pornographic websites on Mr. Prince's cellphone and computer, because this evidence was neither logically nor legally relevant, violating Mr. Prince's rights to due process of law, a fair trial before an impartial jury, and to be tried for the offense with which he was charged, as guaranteed by the 14th Amendment to the United States Constitution and Article I, §§10, 17 and 18(a) of the Missouri Constitution, in that this was bad character or other crimes evidence that was more prejudicial than probative, because many people find pornography greatly offensive, and evidence indicating that Mr. Prince had viewed pornographic websites a year or two before the charged offenses, was not necessary to establish any element of the charged crimes of first-degree murder, abuse of a child, and forcible sodomy, and inappropriately colored the way the jurors viewed the rest of the evidence in the case.

*See* STATE OF MISSOURI, Respondent, v. Jordan L. PRINCE, Appellant., 2016 WL 4722616 (Appellant's Direct Appeal Brief).

On June 20, 2017, the Missouri Court of Appeals for the Eastern District issued an opinion. *State v. Prince*, No. ED 102938, 2017 WL 2644431 (Mo. Ct. App. June 20, 2017). The court denied Petitioner's third claim but granted Petitioner's first claim, finding that the trial court had erred in admitting Petitioner's juvenile court records under Article I, § 18(c) of the Missouri Constitution, and that Petitioner had suffered prejudice as a result.[1] However, due to the general importance of the issue raised in Petitioner's first claim, the court transferred the case to the Missouri Supreme Court pursuant to Missouri Rule 83.02. Upon transfer, Petitioner filed a substitute brief (Doc. 9-7). The brief re-raised only Petitioner's first, second, and fourth claims (*id.*). The Missouri Supreme Court denied all three claims, affirming the judgment against Petitioner (Doc. 9-1). The mandate issued on December 21, 2017 (Doc. 9-2).

Petitioner filed his pro se motion for post-conviction relief on January 9, 2018, and the Missouri Court of Appeals' Mandate in Petitioner's post-conviction appeal issued on September 17, 2020. On August 5, 2021, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of

---

[1] Because its holding on the first claim was dispositive, the court did not reach the merits of Petitioner's second and fourth claims.

Habeas Corpus by a Person in State Custody raising four grounds (Doc. 1).  Grounds One and

Two are identical to each other and reflect arguments made in Petitioner's first and second

claims on direct appeal (Doc. 1 at 6-9):

> Prior to trial, Mr. Prince filed a motion in limine requesting, in part, for the court
> to enter an order excluding from evidence any reference to or introduction of Mr.
> Prince's juvenile record, including a 2004 adjudication for "lewd and lascivious
> conduct" involving a minor who was six years old when Mr. Prince was fifteen
> years old. Mr. Prince alleged that this evidence was not relevant, in part, because:
> the prior incident was factually dissimilar to the charged crimes; the prior events
> were remote in time; Mr Prince had been a juvenile, any probative value was
> substantially outweighed by the threat of unfair prejudice, including that the jury
> might use the evidence in determining all counts, even though Article I, § 18(c) of
> Missouri Constitution limited the admissibility of such evidence to crimes of a
> sexual nature; the juvenile court record contained hearsay; and the admission of
> juvenile adjudications is prohibited by Missouri, Idaho, and federal law.

(*id.* at 7).  Grounds Three and Four are the same as the third and fourth claims originally raised

in Petitioner's direct appeal (*id.* at 11-14).

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, to exercise only "limited and deferential

review" of underlying state court decisions.  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).

Under this standard, a federal court may not grant relief to a state prisoner unless the state court's

adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision

is contrary to clearly established Supreme Court precedent if "the state court arrives at a

conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case

differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v.*

*Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

### A.  Admission of Petitioner's Juvenile Adjudication (Grounds One and Two)

The Missouri Supreme Court set forth the following summary of the facts of Petitioner's case:

> In 2004, Prince was fifteen years old and living in Idaho. Prince was adjudicated for committing lewd and lascivious conduct for manual to genital contact with his six-year-old niece. Prince served three years in a juvenile correctional facility for this offense.
>
> Prince moved to Missouri and began dating Jessica Howell (hereinafter, "Howell"). Howell had an infant daughter (hereinafter, "Victim"). While they dated, Prince and Howell exchanged text messages wherein Howell expressed her desire for Prince to have sex with Victim.
>
> On December 2, 2012, Howell and Victim, aged four-months, spent the night at Prince's home. The following morning at 11:30 a.m., Prince discovered Victim unresponsive on the living room couch. At 12:30 p.m., emergency responders were called. Prince informed the first responders he found Victim face down and not breathing. Prince stated he was the last person to see Victim alive.
>
> Victim was taken from the home to St. Joseph's Hospital and flown to Cardinal Glennon Children's Hospital. She was placed in the pediatric intensive care unit. Victim died at the hospital.
>
> Victim suffered from multiple injuries. Victim was sexually assaulted anally. This assault caused numerous internal tears, including one internal tear approximately six centimeters in length. These internal tears resulted in Victim losing more than

one-third of her blood supply. Victim was subjected to trauma resulting in multiple bruises to her body, including her face, chest, and legs, as well as a cranial laceration. While the internal injuries from the sexual assault inflicted upon Victim would have killed her, the ultimate cause of her death was intentional, sustained strangulation. Prince was arrested and charged with first-degree murder, felony abuse of a child, and forcible sodomy.

During his trial, evidence was admitted demonstrating Prince's cellular telephone and computer were used to view multiple pornographic websites, including information concerning incest. This information had been viewed, searched, or downloaded on Prince's computer up to and including the morning of December 3, 2012. Prince and Howell had multiple text messaging conversations regarding sexual contact with underage girls. Following Victim's death, there were Internet searches on his cellular telephone regarding child autopsies.

A quilt seized from the couch at Prince's home was analyzed because it appeared to have blood or bodily fluid stains on it. After analysis, ten spots of blood were discovered: two of them consistent with Prince's DNA and five consistent with Victim's DNA.

The state admitted part of Prince's Idaho juvenile record through the testimony of the police detective who interrogated Prince. The detective read substantive portions of Prince's juvenile record to the jury, including the allegations of lewd and lascivious conduct with a minor, the criminal statute defining the acts as a felony under Idaho law, and the certified adjudication showing Prince admitted to committing the acts alleged.

Additionally, the state introduced into evidence videotaped clips of Prince's interrogation. During the interrogation, Prince acknowledged his juvenile record. Prince tried to explain Victim's injuries, claiming she had fallen out of bed and Prince had bounced her too hard on his knee. Prince also stated his hand accidentally might have slipped around Victim's neck while he was bouncing her.

Following trial, the jury returned its verdict, finding Prince guilty of first-degree murder, felony abuse of a child, and forcible sodomy. The jury did not recommend a sentence because Prince waived his right to jury sentencing. Accordingly, the circuit court imposed sentence.

*State v. Prince*, 534 S.W.3d 813, 816–17 (Mo. 2017).

As to the admission of Petitioner's juvenile adjudication, the court found that it was

logically relevant:

> Prince's arguments that his past conduct in Idaho was too remote in time, a
> dissimilar act, and not a criminal act because it was part of his juvenile record are
> not persuasive. First, remoteness in time ordinarily affects only the weight of the
> evidence, and whether it is unduly prejudicial in light of its probative value,
> which pertains to legal relevance and not logical relevance. *State v. Shaw*, 847
> S.W.2d 768, 778 (Mo. banc 1993). The constitutional amendment
> relaxed/diminished this weight test by stating courts "may exclude relevant
> evidence of prior criminal acts if the probative value of the evidence is
> substantially outweighed by the danger of unfair prejudice." Article I, section
> 18(c). The passage of time alone will not render evidence inadmissible due to its
> remoteness. *State v. Peal*, 393 S.W.3d 621, 628-29 (Mo. App. W.D. 2013).
>
> Second, Prince argues these crimes were not similar because his prior acts
> involved his six-year-old niece while the offense here was against a four-month-
> old infant. Victim was not related biologically to Prince, but he referred to her as
> his daughter. Prince's actions in both cases were against young females. Prince
> had access to his victims due to their close family-like relationship with him.
> These crimes were similar enough to be logically relevant.
>
> Finally, Prince asserts his prior conduct was not a "prior criminal act" because it
> was a "delinquent act" committed when he was a juvenile. Prince's acts, whether
> classified as criminal or delinquent, were criminal acts with legal consequences.
> *See State v. Doss*, 394 S.W.3d 486, 496-97 (Mo. App. W.D. 2013) (finding
> juvenile records prior to the constitutional amendment inadmissible but
> recognizing the records indicate the defendant engaged in criminal behavior).
> Article I, section 18(c) allows admission of "evidence of prior criminal acts,
> whether charged or uncharged...." Accordingly, it is Prince's actual conduct,
> rather than the classification of his conduct, that is key.

*Id.* at 819.  The court further found that the juvenile adjudication was legally relevant:

> This Court has not addressed whether the admission of evidence of criminal acts
> that occurred nine years prior to the conduct at issue is too remote in time to be
> legally relevant. In other jurisdictions wherein the admission of prior
> adjudications of sexual offenses against minors is admissible to demonstrate
> propensity evidence in sexual offense cases, there is guidance regarding
> admission of prior conduct. "Remoteness is not subject to a rigid rule, but will

depend on the facts of the case." *State v. Armstrong*, 793 N.W.2d 6, 12 (S.D. 2010). "Remoteness and similarity must be considered together because the two concepts are so closely related." *Fisher v. State,* 641 N.E.2d 105, 109 (Ind. Ct. App. 1994). *See also State v. Most*, 815 N.W.2d 560, 565 (S.D. 2012); *State v. McGuire*, 135 Idaho 535, 20 P.3d 719, 723 (Idaho Ct. App. 2001). Remoteness in time may render evidence inadmissible when the prejudicial effect outweighs the probative value. *Shaw*, 847 S.W.2d at 778.

Other jurisdictions make clear that when the conduct in question is similar, a nine-year gap in time is not too remote to preclude admissibility. *See United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016), *cert. denied*, ––– U.S. ––––, 137 S.Ct. 1349, 197 L.Ed. 2d 535 (2017) (admitting offense from up to twenty years prior to conduct at issue); *United States v. LeMay*, 260 F.3d 1018, 1029-30 (9th Cir. 2001) (finding prior conduct committed eleven years earlier when the defendant was twelve years old admissible); *United States v. Meacham*, 115 F.3d 1488, 1494-95 (10th Cir. 1997) (finding prior sexual conduct thirty years earlier was not too remote); *State v. Antonaras*, 137 Conn.App. 703, 49 A.3d 783, 792 (2012) (admitting crimes from nine to twelve years prior); *McGuire*, 20 P.3d at 723 (admitting evidence of crimes from twenty-three years prior); *Smith v. State,* 745 So.2d 284, 289 (Ala. Crim. App. 1998) (finding the time interval of fourteen and eighteen years not too remote to be inadmissible).

Prior acts of child molestation are relevant when the acts were "committed in a manner similar to the charged offense." *Emmert*, 825 F.3d at 909 (quoting *United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009)). "It is well established that the victim and the conduct at issue need only be similar—not identical—to sustain the admission of uncharged misconduct evidence." *State v. Acosta*, 326 Conn. 405, 164 A.3d 672, 675-78 (2017) (quoting *State v. George A.*, 308 Conn. 274, 63 A.3d 918, 932 n.24 (2013)).

Prince's prior Idaho adjudication involved lewd and lascivious acts with a young, female family member. Prince admitted he committed manual to genital contact with his niece with the intent to appeal to sexual desire. Prince's conduct was felonious and, while he only spent three years in juvenile detention, he statutorily could have received a life sentence.

Here, Prince's conduct was directed against another young female. While Victim was not related biologically to Prince, he referred to her as his daughter. Prince's Idaho adjudication was similar to Missouri's sodomy statutes. *See* section 566.062 (statutory sodomy); section 566.010(1) (deviate sexual intercourse); section

566.060.1 (first-degree sodomy). Given the similarity in nature of Prince's actions toward his young victims and the fact he was deprived of access to young children for the three years he was in a juvenile corrections facility, the Idaho adjudication was not too remote in time nor too dissimilar to be irrelevant. Prince's actions, while not identical, were similar enough in nature to be legally relevant.

If the prejudice of the evidence outweighs its probative value, it should be excluded. *Anderson*, 306 S.W.3d at 538. Article I, section 18(c) provides, "The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." The plain language indicates the circuit court retains substantial discretion in admitting or excluding this evidence even if there is a danger of some prejudice. While the admission of Prince's juvenile adjudication may have been prejudicial to his defense, its probative value was not *substantially* outweighed by the danger of unfair prejudice.

The state did not elicit inflammatory testimony about the prior adjudication but, rather, presented the official adjudication record. *See United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007) (finding admission of official conviction record and no inflammatory testimony to not be unfairly prejudicial). Additionally, there was significant other evidence supporting Prince's conviction. Prince admitted he was the only person with access to Victim at the time of her death. Prince's blood, along with Victim's blood, was discovered on the blanket she was on at the time of her death. The circuit court did not abuse its discretion in admitting Prince's prior adjudication.

*Id.* at 820–21.

This Court finds that the Missouri Supreme Court's decision was not contrary to or an unreasonable application of clearly established Federal law. As an initial matter, the Court notes that the Missouri Supreme Court has considered and upheld the constitutionality of Article I, § 18(c) of the Missouri Constitution (hereinafter "§ 18(c)"). In *State v. Williams*, the court held that § 18(c) does not, on its face, violate federal due process protections. 548 S.W.3d 275, 285-86 (Mo. 2018). In doing so, the court relied heavily on federal precedent. *See id.* ("The reasoning of this unbroken line of federal decisions is particularly persuasive because the

language of article I, section 18(c) is taken directly from the Federal Rules of Evidence. The first sentence of the amendment is functionally equivalent to Rule 414, and the second sentence tracks the language of Rule 403 nearly word for word. Based upon *LeMay* and the other federal decisions, therefore, this Court rejects Williams's claim that article I, section 18(c) violates federal due process on its face."); *see also United States v. Summage*, 575 F.3d 864, 878 (8th Cir. 2009) (discussing admissibility of prior acts to suggest a propensity to molest children under Rule 414).

Moreover, claims regarding state-law evidentiary determinations rarely give rise to a viable federal habeas claim.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996) ("A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process."); *King v. Roper*, No. 4:04 CV 1672 CDP/MLM, 2005 WL 1518291, at *15 (E.D. Mo. June 24, 2005) ("Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition.") (citing *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990)).

Here, the Missouri Supreme Court surveyed state and federal caselaw in upholding the admission of Petitioner's juvenile adjudication.  And this Court agrees that there was significant other evidence supporting Prince's conviction.  *See, e.g., Ivy v. Bowersox,* 122 F.3d 675, 676 (8th Cir.1997) (introduction of other-crimes evidence did not so infect trial so as to warrant federal habeas relief in light of other evidence of petitioner's guilt); *Robinson v. Leapley,* 26 F.3d 826,

832 (8th Cir.1994) (same).  Petitioner has not shown that the admission of his juvenile

adjudication, proper under § 18(c), which is itself constitutional, was "so conspicuously

prejudicial or of such a magnitude as to fatally infect the trial." *Parker*, 94 F.3d at 460.[2]

Finally, fatal to Petitioner's claim is his failure to cite any United States Supreme Court

case that directly supports his claim.  The Supreme Court has explicitly left open the question of

whether the admission of evidence of other crimes solely to prove propensity violates due

process.  *See Estelle,* 502 U.S. at 75 n.5 ("[W]e express no opinion on whether a state law would

violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show

propensity to commit a charged crime.").  Indeed, many courts have held that the admission of

prior crimes evidence does not warrant federal habeas relief.  *See Stewart v. Winn*, 967 F.3d 534,

538 (6th Cir. 2020) ("when a petitioner challenged the admission of his prior crimes, we denied

relief because 'no clearly established Supreme Court precedent ... holds that a state violates due

process by permitting propensity evidence in the form of other bad acts evidence.'") (quoting

*Bugh v. Mitchell*, 329 F.3d 496, 512–13 (6th Cir. 2003)); *Allison v. Superintendent Waymart*

*SCI*, 703 F. App'x 91, 97–99 (3d Cir. 2017) (denying habeas claim because petitioner could not

identify clearly established Supreme Court precedent that the admission of prior bad acts

evidence constitutes a violation of due process, and observing that Federal Rules of Evidence

413 and 414 allow for such evidence in sex crimes cases and have not been deemed

unconstitutional); *Newkirk v. Capra*, 615 F. App'x 712, 712–14 (2d Cir. 2015), *as amended*

(Sept. 21, 2015) (denying habeas claim because state court's ruling that prior crimes evidence

---

[2] Although the Missouri Court of Appeals ruled in Petitioner's favor, finding that his juvenile record was not "evidence" under § 18(c), the Missouri Supreme Court found that this claim had not been preserved for review.  *Prince*, 534 S.W.3d at 818 n.2.  In addition, to the extent Petitioner argues that his juvenile adjudication was not a "criminal act" under § 18(c), this Court defers to the Missouri Supreme Court's interpretation of its own constitution and finds that interpretation was not so arbitrary or capricious as to deny Petitioner his federal right to a fair trial.

did not violate petitioner's right to a fair trial was not contrary to clearly established federal law as determined by the Supreme Court, even though the trial court had determined that the evidence was inadmissible under state law); *Coningford v. Rhode Island*, 640 F.3d 478, 484–85 (1st Cir. 2011) (denying habeas claim, reasoning that "[t]he absence of an on-point pronouncement from the Supreme Court leaves hanging by the slimmest of threads the petitioner's claim that the state court's admission of the prior bad acts evidence can be deemed an unreasonable application of the broader fair-trial principle" and that "it is nose-on-the-face plain that the state court's approval of the introduction of the prior bad acts evidence in this case, whether or not an unarguably correct evidentiary ruling, was well within the universe of plausible evidentiary rulings" and "was, therefore, not so arbitrary or capricious as to work a denial of the petitioner's constitutionally secured fair-trial right"); *Mejia v. Garcia*, 534 F.3d 1036, 1046-47 (9th Cir. 2008) (noting that Ninth Circuit precedent squarely foreclosed habeas claim that admission of impermissible propensity evidence violated petitioner's clearly established due process rights) (citing *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006)); *Warren v. Castello*, No. EDCV170338CASJEM, 2018 WL 6185982, at *8 (C.D. Cal. Sept. 13, 2018) ("To the extent Petitioner contends that evidence of his juvenile adjudication constituted impermissible propensity evidence, his claim fails under AEDPA because the United States Supreme Court has left open the question of whether admission of propensity evidence violates due process."), *report and recommendation adopted*, No. EDCV170338CASJEM, 2018 WL 6822611 (C.D. Cal. Dec. 3, 2018).  Grounds One and Two are Denied.

### B.  Violation of Ex Post Facto Clause (Ground Three)

In Ground Three, Petitioner argues that applying §18(c) to his case violated the ex post facto clause of Art. I, § 10 of the U.S. Constitution.  Respondent argues that this ground is

procedurally defaulted.  The Court agrees.  When Petitioner's case was transferred to the

Missouri Supreme Court, he filed a substitute brief (Doc. 9-7).  Missouri Rule 83.08(b) provides

that, in cases transferred after opinion like Petitioner's, "[a]ny material included in the court of

appeals brief that is not included in the substitute brief is abandoned."  Petitioner did not include

his ex post facto clause claim in his substitute brief.  Therefore, pursuant to Rule 83.08(b), it was

abandoned.  The Court finds that Ground Three is procedurally defaulted.  *See Niederstadt v.

Purkett*, No. 4:02CV00847 ERW, 2005 WL 5958692, at *28–29 (E.D. Mo. Sept. 27, 2005)

(finding habeas due process claims procedurally defaulted because they were not raised in

substitute brief before Missouri Supreme Court) (citing *Sweet v. Delo,* 125 F.3d 1144, 1149 (8th

Cir. 1997) (holding that a state prisoner who failed to follow applicable state procedural rules for

raising claims is procedurally barred from raising them in a federal habeas action)).  Petitioner

does not allege cause and prejudice to excuse the default.  Ground Three is denied.

### C.  Admission of Pornography Evidence (Ground Four)

In Ground Four, Petitioner argues, as in his substitute brief, that the admission of

evidence concerning Petitioner's viewing of pornographic websites violated his due process

rights.  The Missouri Supreme Court found that the evidence was properly admitted:

> The state did not seek to admit this evidence to show Prince's "bad character."
> Rather, the state sought to admit this information to provide meaning and context
> to the circumstances surrounding Victim's murder. This evidence also
> demonstrated that, in the intervening time between his juvenile adjudication and
> this case, Prince continued to be motivated sexually by incest and young girls.
> Further, the state's evidence demonstrated the absence of mistake or accident
> because, in his police interviews, Prince claimed Victim's rectal injury and
> strangulation were accidental. *Primm*, 347 S.W.3d at 70.
>
> Prince does not present a clear argument of how admission of this evidence
> prejudiced him. Prince merely claims the admission of this evidence could have
> inflamed the jury. Any prejudice arising from the description of the pornographic

material was not due to the state's presentation of the evidence discovered on Prince's cellular telephone and computer but rather from the offensive content of the material found. *State v. Davis*, 318 S.W.3d 618, 640 (Mo. banc 2010).

There was significant other evidence supporting Prince's conviction. The jury knew he had been in a juvenile corrections facility for sexual contact with a young, female family member. Prince admitted he was the last person to see Victim alive, and he excluded all other potential suspects in his police statement. Prince was not prejudiced by the admission of this evidence because there was not a reasonable probability it affected the outcome of his trial. *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009). The circuit court did not abuse its discretion in admitting this evidence.

*Prince*, 534 S.W.3d at 821–22.

As set forth above, claims regarding state-law evidentiary determinations rarely give rise to a viable federal habeas claim. Moreover, even if admission of the pornography evidence was improper, this Court agrees that there was significant other evidence supporting Prince's conviction. Petitioner has not shown that the admission of the pornography evidence was "so conspicuously prejudicial or of such a magnitude as to fatally infect the trial." *Parker*, 94 F.3d at 460. Ground Four is denied.

## III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

14

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 20th day of August, 2024.

      /s/ Noelle C. Collins
      NOELLE C. COLLINS
      UNITED STATES MAGISTRATE JUDGE